IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CINDY PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: 2:08-cv-0020 |
| | ) | Judge Nixon |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record ("Motion") (Doc. No. 14) and Defendant's Response (Doc. No. 15). Magistrate Judge Bryant has issued a Report and Recommendation ("Report") (Doc. No. 16), to which Plaintiff has filed an Objection (Doc. No. 17). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report in its entirety and **DENIES** Plaintiff's Motion for Judgment on the Administrative Record.

### I.  PROCEDURAL BACKGROUND[1]

Cindy Pennington ("Pennington" or "Plaintiff") filed an application for disability insurance benefits on December 8, 2004 ("First Application"), alleging that she had been disabled since August 12, 2003. Plaintiff's First Application was denied at the initial stages of agency review, and Plaintiff requested a *de novo* hearing by an Administrative Law Judge ("ALJ"), which

---

[1] Unless otherwise noted, facts are taken from the Report (Doc. No. 16).

Case 2:08-cv-00020   Document 18   Filed 10/06/09   Page 1 of 5 PageID #: 72

was held on May 17, 2007. On July 11, 2007, the ALJ denied Plaintiff's Application. On December 28, 2007, the Social Security Administration's ("SSA") Appeal Council ("Appeal Council") denied Plaintiff's request for review of the ALJ's decision, thereby rendering the final decision of the Administration. On February 29, 2008, Plaintiff timely filed an appeal with the district court.

During the course of the appeal, Plaintiff filed a Second Application, amending her alleged disability onset date to July 12, 2007, the day following the ALJ's denial of Plaintiff's First Application (Doc. No. 17, Ex. 1). Ruling on that Application absent a hearing, an ALJ issued a decision in favor of Plaintiff on June 19, 2008. (Id.)

On July 16, 2009, Magistrate Judge Bryant reviewed the First Application and issued a Report denying Plaintiff's Motion and affirming the SSA decision (Doc. No. 16). Judge Bryant did not mention the Second ALJ's Fully Favorable Decision in that Report.

Plaintiff now objects to the Report, requesting that she be found disabled as of the onset date of her First Application, August 12, 2003, arguing that since the SSA approved her Second Application, and her complaints are virtually identical to the complaints contained in the First Application, her complaints in the First Application should also be found credible. Plaintiff asserts that if this is the case, she is entitled to backpay associated with the first claim. Since the Fully Favorable Decision, which found a disability onset date of July 12, 2007, is outside the date of her last insured status of December 31, 2006, Plaintiff states that she is excluded from the medical benefits associated with a successful claim.

## II. STANDARD OF REVIEW

The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). However, this Court's review of the Commissioner's decision is very limited in scope. The Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Accordingly, an ALJ's decision, if adopted by the Commissioner, will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence, as a term of art, is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." Richardson v. Pereles, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r, 105 F.3d 244, 245 (6th Cir. 1996) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This is the case "even if substantial evidence also supports the opposite conclusion." Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999); Crum v. Sullivan, 921 F.2d 642, 644 (1990) (citing Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). Such a standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal does not weigh the evidence or make credibility determinations; such factual determinations are left to the ALJ and the Commissioner. Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993); Besaw v. Sec'y of Health and Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court, left to its own judgment, would have come to a different factual

Case 2:08-cv-00020 Document 18 Filed 10/06/09 Page 3 of 5 PageID #: 74

conclusion as to the Plaintiff's claim on the merits, the Commissioner's findings must be affirmed if they are supported by substantial evidence. Hogg, 987 F.2d at 331.

If a claimant submits evidence in the district court that was not previously presented to the ALJ, the Court may remand and allow the additional evidence to be presented to the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Plaintiff argues that since the complaints in her First Application (regarding the 2003 onset date) and her Second Application (regarding the 2007 onset date) are "virtually identical," the complaints in her First Application should be found credible as well, and she is entitled to backpay associated with that claim. (Doc. No. 17, at 2). The only way the Court may remand to consider additional evidence is if it is new and material, and there is good cause for the evidence having not been introduced in a prior proceeding. 42 U.S.C. § 405(g).

That Plaintiff herself describes the Second Application as "virtually identical" shows that the Second Application does not present new evidence. Nor is the evidence material—the SSA's Second Decision in 2008 explicitly states that the Agency's evaluation of Plaintiff's Second Application was not intended to affect in any way the rulings on the First Application. (Doc. No. 17, Ex. 1 ("Any discussion of evidence in that decision that pertained to the periods pertinent to these prior applications, is intended only has background. This evidence is not being reconsidered. There is no intent to reopen any of the prior decisions, nor should any intent be implied.")).

Interests in fairness may suggest reconsideration of Plaintiff's First Application—the Senior Attorney-Advisor who reviewed the Second Application looked at virtually unaltered evidence from the First Application and found disability. However, the Court accords great deference to the ALJ's findings—so long as the ALJ's findings are supported by substantial evidence, based on the record as a whole, then those findings are conclusive. 42 U.S.C. § 405(g). That another factfinder may have looked at the same evidence and ruled differently is insufficient to warrant remand. Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999); Crum v. Sullivan, 921 F.2d 642, 644 (1990) (citing Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). As the Second SSA decision pointed out, the two decisions deal with two discrete time periods, so there is no preclusive effect of one case over the other. Additionally, claimants should not be able to re-apply for benefits, indefinitely adjusting their dates of disability until a favorable ruling comes down, which can then be used to appeal the unfavorable decisions of previous Applications.

## IV. CONCLUSION

For these reasons, this Court finds that Magistrate Judge Bryant's Report is well-founded and supported by the record, and therefore **ADOPTS** it in its entirety. Accordingly, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the  2nd  day of October, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-5-

Case 2:08-cv-00020   Document 18   Filed 10/06/09   Page 5 of 5 PageID #: 76